PRAIRIE BAND OF POTAWATOMI INDIANS, Plaintiff,

v.

Karla PIERCE, Secretary of Revenue, State of Kansas, Sheila Walker, Director of Vehicles, State of Kansas, Don Brownlee, Superintendent, Kansas Highway Patrol, Defendants.

No. 99–4136–DES.

United States District Court, D. Kansas.

Oct. 13, 1999.

David Prager, III, Mayetta, KS, for plaintiff.

Richard L. Cram, John Michael Hale, Kansas Dept. of Revenue, Bureau of Legal Services, Topeka, KS, David C. Clauser, Kansas Dept. of Revenue, Topeka, KS, M.J. Willoughby, Office of Atty. Gen., Kansas Judicial Center, Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the defendants' Request for Clarification (Doc. 15) and Application for Stay (Doc. 16). Both parties have submitted briefs on these matters and the court has heard oral arguments. The court is now prepared to rule.

## I. REQUEST FOR CLARIFICATION

The defendants have sought clarification of the court's September 23, 1999, order which granted the plaintiff's request for a temporary restraining order ("TRO"). The first area of clarification requested by the defendants relates to specific fact findings concerning (1) the potential irreparable harm to the plaintiff; (2) the finding that the issuance of the TRO would not be adverse to the public's interest; (3) the finding that the threatened harm to the plaintiff outweighs the potential harm to the defendants; and (4) the likelihood of the plaintiff succeeding on the merits.

The court is confident that the parties are well aware of the specific facts and

issues in this case. The defendants have not provided any legal basis for this request. The court finds that the record is sufficiently clear as to the basis for the issuance of the TRO and, therefore, the defendants' request for clarification on these issues is denied.

The defendants' next concern deals with the scope of the TRO. At the hearing on this matter, the defendants raised concerns over what laws were covered by the TRO, and whether the court intended to prohibit enforcement of such violations as speeding and driving under the influence of alcohol. The court finds that the TRO does contain a typographical error that may have led to the confusion on this issue. The TRO issued by the court states "This order prevents the defendants from applying and enforcing the **Kansas motor vehicle and registration laws** from this date until the court has had an opportunity to rule on the plaintiff's request for a preliminary injunction." (emphasis added) The court's intended language was "This order prevents the defendants from applying and enforcing the **Kansas motor vehicle registration and titling laws** from this date until the court has had an opportunity to rule on the plaintiff's request for a preliminary injunction." (emphasis added) It is clear from this language that the only laws affected by this TRO are those dealing directly with violations for improper vehicle registrations and improper titles. The court has never intended the TRO to go beyond such violations.

The defendants have also requested the court clarify who is affected by the TRO. Pursuant to Fed.R.Civ.P. 65(d), the TRO is binding only upon "the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

Evidence was presented at the hearing that the plaintiff has notified several law enforcement agencies who are not parties to this action that they are bound by this injunction and are enjoined from enforcing the laws covered by the court's order. Because the court does not have facts before it to address the involvement that the law enforcement agencies have with the parties to this case, the court cannot rule as to the applicability of the TRO to them. However, the court would caution the parties that this TRO is only binding upon the parties and those additional persons or entities specifically designated in Rule 65(d). Therefore, all city or county law enforcement agencies not "in active concert or participation" with the defendants in this case are not bound by the court's order.

The final request for clarification that is brought before the court is the defendants request that the court "clarify that the September 23, 1999, order is intended to be in effect for more than ten (10) days, was entered after a hearing and is in effect a preliminary injunction." At the time the court issued the TRO, the court had no intention of converting its order to a preliminary injunction until the court had an opportunity to review the issue of whether the *Younger* abstention doctrine should apply to this case. The parties have informed the court that *Younger* is no longer an issue and that both parties agree that the request for a preliminary injunction is now before the court for a ruling.

As the court did before issuing the TRO, the court has reviewed the briefs submitted by the parties and considered the arguments made by counsel at oral arguments. The court finds that the plaintiff has met its burden of showing the necessary elements for obtaining a preliminary injunction and the court will, therefore, grant this request and issue a prelim-

inary injunction.[1]

## II. APPLICATION FOR STAY

■ The defendants have requested the court stay the preliminary injunction issued in this case pending appeal. The court finds that the stay should not be issued. If the court were to issue the requested stay, the tribal members protected by the injunction would immediately become vulnerable to the arrests, citations and related legal matters which, in part, form the basis for the court's decision to issue the injunction. The court finds that staying this injunction pending appeal by the defendants would completely undermine the effectiveness of the relief sought in this particular case. Therefore, the court will not stay the injunction pending appeal.

■ In the memorandum in support of the application for stay, the defendants state, "Under Fed.R.App.P. 8(a) if the district court denies the application for stay, 'the reasons given' for the Court's denial of the stay are also to be provided to the Circuit Court." It appears to the court that the defendants have interpreted Rule 8(a) to require the court to give its reasons for denying the requested stay. The court has reviewed Rule 8(a) and found that there is no basis, whatsoever, for this argument. There is no requirement that the court give its reasons for denying a request for stay of an injunction pending appeal. The defendants are apparently misconstruing the Rule 8(a)(2)(A)(ii), which requires the parties to inform the circuit court of "any reasons given by the district court for its action." This argument is clearly improper and will not receive any further consideration by the court.

## III. CONCLUSION

The court finds that the TRO issued in this case did contain a typographical error

that may have led to some confusion as to the scope of the TRO. This order should clarify the court's intent as to what laws were to be enjoined by the court as well as what entities the entities upon which the preliminary injunction is binding. The court finds that the preliminary injunction should not be stayed pending appeal by the defendants.

**IT IS THEREFORE BY THIS COURT ORDERED** that the defendants' Request for Clarification (Doc. 15) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the plaintiff's Application for Preliminary Injunction (Doc. 2) is granted.

The defendants are enjoined and restrained from any further application and enforcement of the Kansas motor vehicle registration or titling laws against the plaintiff and any persons who operate or own a vehicle registered and titled under PBP Tribal Code § 17–10–1 *et seq.* This order applies to vehicles driven both on and off of the plaintiff's reservation. This order prevents the defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from applying and enforcing the Kansas motor vehicle registration laws and titling laws from this date until the court issues a final order. This injunction is not meant to have any effect on cases which are currently pending before any Kansas state court and is not meant to have any effect on Kansas traffic laws that do not deal directly with vehicle registration, vehicle license plates and motor vehicle titles.

**IT IS FURTHER ORDERED** the court will exercise its discretion and order that

---

1. The court notes that the requirements for obtaining a preliminary injunction are essentially the same for obtaining a TRO, and that the parties have not submitted any substantial

evidence or arguments that were not previously considered by the court in issuing the TRO.

an injunction bond, as provided for in Rule 65(c) of the Federal Rules of Civil Procedure, will not be required for the issuance of this preliminary injunction.

**IT IS FURTHER ORDERED** that the defendants' Application for Stay (Doc. 16) is denied.